JUN 26 2026 PM4:05
FILED - USDC - FLMD - TPA

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

### TAMPA DIVISION

**RAYMOND PEREZ,**

Plaintiff,

v.

**BANK OF AMERICA, N.A.,**

Defendant.

Case No.: 8:26-cv-1866-WFJ-AAS

## COMPLAINT AND DEMAND FOR JURY TRIAL

**Plaintiff Raymond Perez ("Plaintiff"), proceeding pro se, brings this action for disability discrimination, failure to accommodate, and retaliation in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., and the Florida Civil Rights Act of 1992, § 760.01 et seq.**

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

RAYMOND PEREZ,

Plaintiff,

v.

BANK OF AMERICA, N.A.,

Defendant.

Case No.: _____

# COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Raymond Perez ("Plaintiff"), proceeding under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. ("ADA"), and the Florida Civil Rights Act of 1992, § 760.01 et seq. ("FCRA"), alleges as follows:

# I. NATURE OF ACTION

1. This is an action for disability discrimination, failure to accommodate, and retaliation under the ADA and FCRA.

2. Plaintiff alleges that Defendant failed to properly implement and coordinate disability accommodations across its leave administration, human resources, and accommodation systems, resulting in prolonged disruption of Plaintiff's employment, denial of effective accommodation, and termination under the stated pretext of "unauthorized leave."

3. Defendant's actions caused Plaintiff to suffer loss of employment, wages, benefits, and emotional distress.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law, including the ADA.

5. This Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

6. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events occurred in this District, including Plaintiff's employment, accommodation process, and termination.

## III. PARTIES

7. Plaintiff Raymond Perez is an individual residing in Florida.

8. Defendant Bank of America, N.A. is a national banking association, with its principal executive offices located at 100 North Tryon Street, Charlotte NC 28255 and is an employer within the meaning of the ADA and FCRA.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination, failure to accommodate, and retaliation.

10. The EEOC issued a Notice of Right to Sue, and Plaintiff has satisfied all administrative prerequisites to filing this action.

# V. FACTUAL ALLEGATIONS

## A. Employment and Initial Performance

11. Plaintiff began employment with Defendant in November 2021 as a Relationship Banker in the Nashville, Tennessee area.

12. Plaintiff performed successfully in his position for approximately two years and received performance evaluations of "meets expectations."

## B. Onset of Disability and Medical Treatment

13. In or around August–September 2023, Plaintiff began experiencing symptoms related to mental health conditions affecting concentration, social interaction, and workplace functioning.

14. Plaintiff sought medical treatment and was diagnosed with disabilities as defined under the ADA.

15. Plaintiff began receiving psychiatric treatment and was approved for FMLA and short-term disability leave administered through Defendant's third-party administrator, Sedgwick.

## C. Approved Medical Leave History

16. Plaintiff was approved for multiple protected leaves of absence, including:

- FMLA and short-term disability leave from October 2023 through November 2023; and

- additional approved medical leave from December 2023 through April 2024.

17. Defendant did not discipline Plaintiff for protected leave during these periods.

## D. Accommodation Requests and Interactive Process

18. During and after medical leave, Plaintiff requested reasonable accommodations, including reduced sensory stimulation and reduced intensity of client interaction.

19. Defendant requested additional medical documentation and clarification regarding Plaintiff's restrictions, which Plaintiff provided through medical providers.

20. Despite Plaintiff's submissions, Defendant continued to request additional clarification and documentation regarding the same functional limitations.

21. Defendant's leave administrator (Sedgwick), human resources personnel, and accommodation consultants provided inconsistent guidance regarding Plaintiff's status and eligibility for leave and accommodations.

### E. Job Search Accommodation and Removal from Position

22. In or around May 2024, Defendant presented Plaintiff with three options:

    (a) return to his existing position without accommodation;

    (b) take additional medical leave; or

    (c) participate in a 60-day internal job search program.

23. Plaintiff accepted the 60-day job search accommodation in good faith.

24. During the job search period, Plaintiff was removed from his original position and required to secure alternative employment within Defendant as a condition of continued employment.

25. Plaintiff applied for and was considered for multiple positions, including roles in North Carolina and Florida.

### F. Tampa Position and Return to Work

26. Plaintiff was ultimately placed in a Credit Assistance Specialist role in Tampa, Florida, beginning September 2024.

27. Upon reporting to work, Plaintiff experienced onboarding and system issues, including confusion regarding his employment status and access to internal systems.

28. Plaintiff's approved accommodations were not fully implemented during initial training, including limitations on workplace environment and sensory exposure.

### G. Subsequent Leave and Termination

29. In or around September 2024, Plaintiff requested additional leave due to ongoing accommodation issues and worsening symptoms.

30. Defendant and Sedgwick provided conflicting information regarding whether Plaintiff's leave was approved or unauthorized.

31. Plaintiff was ultimately classified as being on unauthorized leave.

32. On December 17, 2024, Defendant terminated Plaintiff's employment, citing "unauthorized leave of absence."

33. Plaintiff disputes that his leave was unauthorized and alleges that the classification resulted from breakdowns in Defendant's accommodation and leave administration systems.

# VI. CLAIMS FOR RELIEF

## COUNT I – DISABILITY DISCRIMINATION (ADA)

34. Plaintiff realleges paragraphs 1–33.

35. Plaintiff is a qualified individual with a disability under the ADA.

36. Defendant subjected Plaintiff to adverse employment actions, including removal from his position, failure to properly accommodate, and termination.

37. But for Plaintiff's disability and requests for accommodation, he would not have been subjected to the adverse actions described herein.

38. Defendant's stated reason for termination is pretextual.

## COUNT II – FAILURE TO ACCOMMODATE (ADA)

39. Plaintiff realleges paragraphs 1–38.

40. Plaintiff requested reasonable accommodations for known disabilities.

41. Defendant failed to provide effective and timely accommodation in Plaintiff's existing role.

42. Defendant failed to ensure consistent implementation of accommodations across its internal systems.

43. Defendant's actions caused Plaintiff to be unable to maintain stable employment.

## COUNT III – RETALIATION (ADA)

44. Plaintiff realleges paragraphs 1–43.

45. Plaintiff engaged in protected activity by requesting reasonable accommodations.

46. Defendant took adverse action against Plaintiff, including termination.

47. A causal connection exists between Plaintiff's protected activity and Defendant's adverse actions.

# VII. DAMAGES

48. As a direct result of Defendant's unlawful conduct, Plaintiff suffered:

- loss of wages and employment benefits;

- loss of future earning capacity;

- emotional distress and mental anguish;

- damage to career trajectory and reputation.

# VIII. DEMAND FOR JURY TRIAL

49. Plaintiff demands a trial by jury on all issues so triable.